Theresa Pagliarini
vs.                        No. 72068
United Electric Railways Co.

### April 16, 1928.

CAPOTOSTO, J. The plaintiff claims damages for injuries alleged to have been sustained by reason of the sudden starting of an electric car of the defendant company. The injury returned a verdict for the plaintiff in the sum of $2500. The defendant asks for a new trial upon the usual grounds, with special stress upon the claim that the damages were not only excessive but unjustified.

The question of liability, although close, presented a disputed set of facts which the jury might determine as it did. But on the question of what injury, if any, was in fact received by the plaintiff and what compensation should be awarded her it fell in error.

The plaintiff's injury for which recovery is sought was entirely subjective. The first physician who attended her shortly after the occurrence complained of saw no objective evidence of injury to the back. No bones were broken, fractured, or in any way injured. This doctor had her examined by two other physicians at different times while the plaintiff continued as his patient. All three doctors admitted that their conclusions were based upon the plaintiff's own statements and reactions. All three doctors agreed that the injury from which the plaintiff was suffering was some sort of sprain on the *left* side of the back in the region between the ribs and the hip.

The plaintiff was recalled by counsel for the defendant and asked by him to indicate upon her body where she was hurt. The plaintiff deliberately pointed to the *right* lower side of her back. Her own attorney, endeavoring to correct any misunderstanding, thereupon asked her to point out to the jury where she, in fact, was hurt, and again the plaintiff indicated the same *right* side of the back.

This conflict of testimony puts the Court in a quandary. Who was mistaken? If one believes the doctors, one cannot believe the plaintiff; if credit be given to the plaintiff, then the doctors' testimony is unreliable. If the plaintiff were injured where she claimed to have been hurt, what was the extent of any real injury which she may have suffered? Experience tells us that an injured person at least knows where she is hurt. The character, extent, or consequences of an injury must of necessity be left to those trained in such matters, but the location of every serious hurt, ache or pain is felt and remembered by the sufferer. In this case the plaintiff positively asserts that she was hurt on the right side. When the doctors testified to an injury on the left side, they were either misled to this conclusion by unwarranted representations, or they were mistaken. The plaintiff's testimony is marked by noticeable exaggerations in a number of instances; that of the doctors is destroyed by the plaintiff's denial of the premise for their conclusion.

If there were any reasonable basis for adjusting the damages in a way which would do justice between the parties, the Court would not shirk its responsibility. In view of the fact that there is such serious doubt as to the location, extent and resulting disability, if any, of any injury which the plaintiff may have suffered, the defendant's motion for a new trial is granted both as to liability and damages.

For plaintiff: John H. Di Stefano.

For defendant: Charles A. Kiernan, Clifford Whipple.